# O'CONNELL LAW OFFICE
PATENTS, TRADEMARKS, COPYRIGHTS & RELATED CAUSES

Via ECF /
Courtesy copy by email to failla_nysdchambers@nysd.uscourts.gov

February 10, 2020

The Honorable Katherine Polk Failla
United States District Judge
United States District Court for the
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re: *RW IP Holdings, LLC v. The American Kennel Club, Inc. and Smart Pet Technologies, LLC*, Civil Action No. 19-cv-08632-KPF

Dear Judge Polk Failla:

Pursuant to the Court's Notice of Initial Pretrial Conference [ECF No. 10] and the Court's Order [ECF No. 14] of December 5, 2019 resetting the Initial Pretrial Conference to February 18, 2020, the parties jointly submit this letter providing the information specified in the Notice.

(i) A brief statement of the nature of the action, the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement, or dispositive motion;

**RESPONSE:** With the Complaint, RW IP Holdings, LLC ("RW IP") alleged infringement of U.S. Patent No. 6,028,531 for "Terminal Units for a Mobile Communications System". With their respective Answers and Affirmative Defenses, The American Kennel Club, Inc. ("AKC") and Smart Pet Technologies, LLC ("SPT") have denied liability asserting, *inter alia,* that the '531 patent was not infringed and that each claim of the '531 patent is invalid. It is expected that the legal and factual issues to be resolved will relate to the scope and validity of the asserted claims of the '531 patent, their coverage with respect to the accused devices, and whether AKC is liable for any infringement asserted against SPT and for sales conducted by SPT.

(ii) A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter

shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman* v. *Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).

**RESPONSE:** Subject matter jurisdiction lies with this Court based on the federal question of patent infringement. For the limited purpose of this action, Defendants have not contested personal jurisdiction or venue.

(iii)   A statement of all existing deadlines, due dates, and/or cut-off dates;

**RESPONSE:** Apart from those set forth in the Proposed Scheduling Order submitted herewith, there are no deadlines, due dates, or cut-off dates.

(iv)   A brief description of any outstanding motions;

**RESPONSE:** There are no outstanding motions.

(v)   A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

**RESPONSE:** Although the parties have engaged in settlement negotiations and AKC and SPT have voluntarily provided sales data relating to the accused products, no formal discovery has taken place to date. In connection with settlement discussions, Defendants have requested that RW IP provide information about any royalties previously received by RW IP, as well as copies of any licenses evidencing such royalties. Defendants believe that this royalty and license information may help facilitate settlement. RW IP believes that information relating to the control and financial relationships between AKC and SPT, including in relation to the sales of assets of SPT, may facilitate settlement discussions.

(vi)   A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and

**RESPONSE:** The parties have exchanged settlement offers and counteroffers. A settlement conference may be helpful to a resolution in this matter.

(vii)   Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

**RESPONSE:** No further information that would assist in advancing the case is known at this time.

**Request to Cancel Initial Pretrial Conference.** The parties are in agreement regarding the Proposed Scheduling Order and no issues exist at this time to raise with the Court. The parties note that their agreed-upon proposed scheduled calls for the close of all discovery on September 10, 2020 – a period which exceeds the 6-month discovery window set forth in the Court's Notice of Initial Pretrial Conference by less than 1 month – in order to allow sufficient time for claim construction proceedings in this patent litigation. Accordingly, it is respectfully requested that the Initial Pretrial Conference be canceled in the interest of preserving the resources of the Court and the parties.

Should any further information or materials be required, kindly contact the undersigned at your convenience. Thank you for your attention to this matter.

Respectfully Submitted,

| | |
|---|---|
| */s/ Thomas P. O'Connell* | */s/ Jeffrey Miller* |
| Thomas P. O'Connell | Jeffrey Miller (*Admitted Pro Hac Vice*) |
| *Counsel for Plaintiff* | 3000 El Camino Real |
| *Admitted Pro Hac Vice* | Five Palo Alto Square, Suite 500 |
| O'Connell Law Office | Palo Alto, CA 94306-3807 |
| 1026A Massachusetts Avenue | (650) 319-4500 |
| Arlington, MA 02476 | jeffrey.miller@arnoldporter.com |
| tpo@oconnellusa.com | |
| Telephone: 781.643.1845 | Abigail Langsam (#AL8977) |
| Facsimile: 781.643.1846 | 250 West 55th Street |
| *Attorney for Plaintiff* | New York, NY 10019 |
| | (212) 836-8000 |
| | abigail.langsam@arnoldporter.com |
| | *Attorneys for Defendants* |

```
The Court is in receipt of the above joint letter from the
parties in this action.  The parties request to adjourn the
initial pretrial conference previously scheduled for February 18,
2020, is hereby GRANTED.  The Court will endorse the parties
proposed case management plan under separate cover.

The claim construction hearing will take place on September 15,
2020, at 3:00 p.m. in Courtroom 618 of the Thurgood Marshall
Courthouse, 40 Foley Square, New York, NY.

Further, the Court will issue an order referring this case to
Magistrate Judge Wang for a settlement conference in the next 60
days.
                                          SO ORDERED.

Dated: February 11, 2020
       New York, New York

                                          HON. KATHERINE POLK FAILLA
                                          UNITED STATES DISTRICT JUDGE
```